| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| DONNELL DWAYNE PORTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:15-CV-294 |
| § | |
| WARDEN J. FOX, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Donnell Dwayne Porter, an inmate confined at the United States Penitentiary in Bruceton Mills, West Virginia, proceeding *pro se*, brought this lawsuit against prison officials at the Federal Correctional Institution in Beaumont, Texas.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Plaintiff's objections are without merit. In an amendment to his complaint, plaintiff complains the assistant warden or other administrators failed to respond to his grievances. However, inmates do not have a constitutionally protected liberty interest in having their complaints resolved to their satisfaction, thus there is no constitutional violation when prison officials fail to do so. *See Geiger v. Jowers,* 404 F.3d 371,

373-74 (5th Cir.2005). Accordingly, any such claim fails to state a claim upon which relief may be granted.

Additionally, plaintiff has shown no more than possible negligence on the part of prison employees. However, the Fifth Circuit has "interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome." *Hernandez ex rel. Hernandez v. Texas Dep't of Protective and Regulatory Services*, 380 F.3d 872, 882 (5th Cir. 2004). "To establish deliberate indifference, the plaintiff must demonstrate culpability beyond mere negligence or even gross negligence." *Id*. To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). Plaintiff's complaint fails to establish conduct rising to the level of a constitutional violation. Therefore, plaintiff's complaint is frivolous and fails to state a claim for which relief may be granted.

## O R D E R

Accordingly, Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 14th day of August, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE